OPINION
Christopher Alan Prickett is appealing from the grant to his former wife, Karen Louise Prickett[1] an award of $60 per week as spousal support for a period of three years.
Prior to obtaining the divorce, the parties had entered into a comprehensive written agreement dividing their property and containing all the necessary provisions for the care and support of their children. A final divorce hearing was held by a magistrate on January 6, 2000, at the outset of which the magistrate stated: "It's my understanding from the attorneys that the entire case is resolved except for one issue which is COBRA insurance for the wife and who pays for it. I assume the issue is merely who pays for it for three years?" Tr. 3.
The record demonstrates a curious course of the subsequent proceedings in this matter. On March 2, 2000, the court filed a judgment entry of divorce which, except for spousal support, decided all issues based upon the parties' prior written agreement. The final paragraph in this decree is labeled COBRA medical coverage and states: "Defendant has requested that Plaintiff pay for her medical insurance pursuant to COBRA through his employer. Plaintiff does not wish to bear the cost. The matter is to be determined by the Magistrate in a separate entry." Decree, 5. But on the first page of the divorce decree, the court states: "The parties expressly waive the requirement of a Magistrate's Decision in this cause and objection thereto."
On the same day, but one minute later, the magistrate filed an entry and decision which granted spousal support to be paid by defendant to the plaintiff at the sum of $60 a week for a period of three years. It seems clear that the magistrate deemed this an award of a fixed sum of money, payable in installments, and although recognizing that defendant Karen asked for the money in order to pay for her COBRA costs of health insurance, the magistrate stated explicitly that she is not bound to use this money for any particular purpose. Furthermore, the magistrate explicitly stated that the court "does not retain jurisdiction to modify the term and amount of the spousal support award based upon the death of either party, remarriage or cohabitation of the Plaintiff, or a change in the circumstances of either party. The Estates of both parties are bound by the terms of this Entry." Docket 25. Query, does remarriage or cohabitation of the defendant Karen allow for a modification of the support award? However, appellant Christopher is not attacking any of these terms of the award; he simply cites as error the awarding of spousal support itself.
On March 24, 2000, appellant Christopher moved for reconsideration of both the magistrate's and the court's entries. He first pointed out that there was a scrivener's error in the time period for which Chris would pay part of the mortgage on the residence. The parties had agreed that he would pay one quarter of the mortgage for one year while the entry of the court stated it would be for two years. He also then asked the court to reconsider its decision regarding spousal support, essentially rearguing the same points that had been presented to the magistrate.
On March 31, at 8:35 a.m., Karen responded through counsel objecting to the motion for reconsideration. She pointed out that the proper procedure to correct a scrivener's error is a motion pursuant to Civ.R. 60(B)(1) and added that she had no objection to the correction if the court would treat the plaintiff's motion as a Rule 60(B) motion.
She also objected to reconsideration of the spousal support award because Christopher had not filed objections to the magistrate's award within the time allowed by the civil rules. We note, however, that both parties had waived the filing of objections in order to allow the trial judge to deal with the issue, which he had done by a separate entry approving the award of spousal support which had been filed simultaneously with the comprehensive judgment entry of divorce. Later, on that exact same day, Christopher through his counsel, filed a notice of appeal.
Six days later, the court filed an entry which treated Christopher's motion as a Rule 60(B) correcting scrivener's error, and promptly proceeded to amend the court's entry of March 2, 2000, to correct the error. As to reconsidering spousal support, the court properly noted that a motion for reconsideration is not authorized by the rules and therefore denied it. The court also added, however: "The Court notes further that the transcript filed with the motion provides a basis for the award of spousal support." Docket 37.
Civ.R. 60 provides that clerical mistakes in judgments may be corrected after an appeal is docketed and still pending "with leave of the appellate court." While no leave was requested from the appellate court in this case, in order to avoid further judicial proceedings, we hereby retroactively grant leave to the Court of Common Pleas of Champaign County to so correct the judgment entry.
As to the issue of spousal support, we take note of the fact that the parties, with the approval of the court, waived their right to file objections to the magistrate's report. However, such waiver only operates to dispense with objections for consideration by the trial court; it does not operate to suspend Civ.R. 53(E)(3)(b) which precludes a party from assigning as error any conclusion of law absent an objection. And, accordingly, all but plain error has been waived. Partridge v. Partridge (Aug. 27, 1999), Greene App. No. 98 CA 38, unreported.
"In appeals of civil cases, the plain error doctrine is not favored and may be applied only in an extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, paragraph one of the syllabus. (Citations omitted). We have carefully reviewed the transcript of the hearing before the magistrate to which the court referred and, like the trial court, we find that the hearing produced sufficient facts to support the spousal support award.
The plaintiff argues on appeal essentially that he cannot afford to pay any spousal support and, considering that Karen got a larger fraction of the parties' property than he did, the award is inequitable. However, the division of the property was by the full agreement of both parties, represented by counsel, and it cannot be objected to on appeal. In its entry approving the modest spousal support award, the magistrate carefully and explicitly considered all the factors set forth in R.C.3105.18(C), including noting that the appellant earns more than twice what appellee earns. This court has in the past approved spousal support between parties of modest income. Slorp v. Slorp
(June 18, 1999), Montgomery App. No. 17519, unreported. We simply cannot find that the court abused its discretion in the modest spousal support award here, and certainly the decision does not rise to the level of plain error.
The assignment of error is overruled, and the judgment is affirmed.
 __________________________ FREDERICK N. YOUNG, J.
GRADY, P.J. and FAIN, J., concur.
[1] For the sake of clarity, the parties will hereinafter be referred to by their first names.